United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TENDERLOIN HEALTH,<br><br>    Debtors,<br>_____/<br><br>BANK OF THE WEST,<br><br>    Appellant,<br><br>    v.<br><br>E. LYNN SCHOENMANN,<br><br>    Appellee.<br>_____/ | No. C 13-04585 JSW<br><br>**ORDER REMANDING TO BANKRUPTCY COURT FOR FURTHER PROCEEDINGS** |

    This matter comes before the Court upon consideration of the appeal of Bank of the West ("BOTW") of the Bankruptcy Court's Order denying a motion for attorneys' fees in an adversary proceeding brought by Appellee E. Lynn Schoenmann ("Trustee") captioned *Schoenmann v. Bank of the West*, AP No. 12-03171 (the "Adversary Proceeding").[1]  Pursuant to Civil Local Rule 16-4, the Court deems this case submitted on the papers without oral argument.  After review of the record on appeal, consideration of the parties' papers, and the relevant legal authority, the Court hereby REMANDS this matter to the Bankruptcy Court for further proceedings.

//

//

---

[1] This matter is related to *In re Tenderloin Health, E. Lynn Schoenmann v. Bank of the West*, 13-CV-3992.  The Court address the appeal of that case in a separate order issued this date.

**BACKGROUND**

The facts underlying this dispute are set forth in more detail in the Court's Order affirming the Bankruptcy Court's Order granting BOTW's motion for summary judgment in the Adversary Proceeding. In brief, the Adversary Proceeding is a preference action, in which Trustee attempted to recover what it alleged was a preferential transfer from the debtor, Tenderloin Health ("Debtor") to BOTW. On July 31, 2013, following a hearing, the Bankruptcy Court granted BOTW's motion for summary judgment, and entered judgment in favor of BOTW.

On August 15, 2013, BOTW filed a motion for attorneys' fees, and on September 12, 2013, following a hearing, the Bankruptcy Court denied that motion. (BOTW Excerpts of Record ("BOTW EOR"), Tab N (Tentative Ruling), Tab O (Order).)[2] BOTW asserted that it had a contractual right to attorneys' fees based on attorneys' fees provisions contained in promissory notes, a commercial security agreement, and a business loan agreement, which provide as follows:

> Promissory Notes: ATTORNEYS' FEES; EXPENSES. Lender may hire or pay someone else *to help collect this Note if Borrower does not pay*. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, *including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction),* and appeals. Borrower also will pay any court costs, in additional to all other sums provided by law.[3]
>
> Commercial Security Agreement: Attorneys' Fees; Expenses. Grantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, *incurred in connection with the enforcement of this Agreement*. Lender may hire or pay someone else to *help enforce this Agreement*, and Grantor shall pay the costs and expenses of such enforcement. *Costs and expenses include Lender's attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction)*, appeals, and any anticipated post-judgment collection services. Borrower

---

[2] BOTW's Excerpts of Record are located at Docket Nos. 7-1 through 7-22.

[3] (*See* BOTW EOR, Tab C, Declaration of Lisa Lenherr ("Lenherr Decl."), ¶ 3, Ex. A (BOTW's Request for Admissions, Exs. A, B (emphasis added).)

2

also shall pay all court costs and such additional fees as may be directed by the court.[4]

Business Loan Agreement: Attorneys' Fees, Expenses.  Borrower agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, *incurred in connection with the enforcement of this Agreement.*  Lender may hire or pay someone else to *help enforce this Agreement*, and Borrow shall pay the costs and expenses of such enforcement.  *Costs and expenses include Lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction)*, appeals, and any anticipated post-judgment collection services.  Borrower also shall pay all court costs and such additional fees as may be directed by the court.[5]

Applying California law, the Bankruptcy Court determined that BOTW could not rely on the promissory notes to support its request for fees, because the debtor had paid its notes and BOTW had not hired someone to collect the debt.  It also determined that although the promissory notes referred to bankruptcy proceedings, that provision "merely defines the scope of actions for which [BOTW] would be entitled to attorney's fees when 'collecting' on the note, and does not create an independent basis for" BOTW to collect attorneys' fees.  (Tentative Ruling at 4:21-5:19.)

The Bankruptcy Court concluded that BOTW was not entitled to attorneys' fees based on the commercial security agreement or the business loan agreements, because the fees incurred during the adversary proceeding were not "'incurred in connection with the enforcement of' those agreements, and the bankruptcy proceedings clause served to define the scope of actions for which BOTW would be entitled to fees incurred for enforcement of those agreements.  (*Id.* at 5:20-6:11.)  Finally, the Bankruptcy Court stated that it did not believe any of the agreements were ambiguous.  However, it found, in the alternative, that if the terms

---

[4] (*See* BOTW EOR, Tab C, Lenherr Decl., ¶ 3, Ex. A (BOTW's Request for Admissions, Ex. D (emphasis added).)

[5] (*See* BOTW EOR Tab C, Lenherr Decl., ¶ 3, Ex. A (BOTW's Requests for Admissions, Ex. C (emphasis added).

3

"collect" or "enforce" were ambiguous, it would resolve any ambiguities against BOTW as the drafter of the agreements. (*Id.* at 6:12-7:4.)[6]

BOTW filed a timely notice of appeal and elected to proceed before this Court.

## ANALYSIS

### A. Standard of Review.

> [A district court may] affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.

Fed. R. Bankr. P. 8013.

The Court reviews the bankruptcy court's findings of fact for clear error, and it reviews the bankruptcy court's conclusions of law *de novo*. *See In re Part-Helena-Corp.*, 63 F.3d 877, 880 (9th Cir. 1995); *see also In re Chen*, 345 B.R. 197, 200 (N.D. Cal. 2006) (citing *In re Jan Weilert RV, Inc.*, 315 F.3d 1192, 1196 (9th Cir. 2003)). The Court will not "disturb [the] bankruptcy court's award of attorneys' fees unless the bankruptcy court abused its discretion or erroneously applied the law." *In re Kord Enterprises, II*, 139 F.3d 684 (9th Cir. 1998).

### B. The Court Remands this Matter for Further Proceedings.

Under the "American Rule," the prevailing party is not entitled to an award of attorneys' fees, unless provided for by statute or contract. *See Travelers Casualty & Surety Company of America v. Pacific Gas & Electric Company*, 549 U.S. 443, 448 (2007). California law also permits an award of attorneys' fees when authorized by contract, statute or law. *See* Cal. Code Civ. P. §§ 1021, 1033.5(a)(10)(A)-(C).[7] It is undisputed that BOTW had contracts with the debtor that gave it a right to attorneys' fees. The issue is whether the Bankruptcy Court's interpretation of those contracts was correct.

---

[6] The Bankruptcy Court declined to rule on whether the BOTW might be entitled to attorneys' fees under 11 U.S.C. section 503(b)(1)(a) or section 503(b)(6). (*Id.* at 7:5-28.) BOTW has not pressed those arguments on appeal.

[7] California Code Civil Code section 1717 governs awards of attorneys' fees in "any action on a contract." BOTW does not argue that the preference claim would fall within the ambit of Section 1717.

4

1  In order to determine whether a contract provides for a right to attorneys' fees, courts
2  apply the ordinary rules of contract interpretation. Under statutory rules of
   contract interpretation, the mutual intention of the parties at the time the
3  contract is formed governs interpretation. Such intent is to be inferred, if
   possible, solely from the written provisions of the contract. The clear and
4  explicit meaning of these provisions, interpreted in their ordinary and
   popular sense, unless used by the parties in a technical sense or a special
5  meaning is given to them by usage, controls judicial interpretation. Thus,
   if the meaning a layperson would ascribe to contract language is not
6  ambiguous, we apply that meaning.

7  *Santisas v. Goodin*, 17 Cal 4th 599, 608 (1998) (internal quotations and citations omitted); *see*

8  *also* Cal. Civ. Code §§ 1636, 1638, 1639, 1644.

9  On appeal, BOTW does not suggest that the Trustee's claim in the Adversary

10 Proceeding was an action to enforce the terms of any of the agreements or to collect on the

11 Promissory Notes. Rather, BOTW argues that the Bankruptcy Court failed to recognize that its

12 affirmative defenses were "inextricably intertwined" with "enforcement" and "collection"

13 which gave rise to its right to attorneys' fees under these agreements.

14 BOTW did not raise this argument below. Further, it does not appear to be a settled

15 proposition under California law and may depend upon how broadly the attorneys' fee clause is

16 drafted. *Compare Windsor Pacific LLC v. Samwood Co., Inc.*, 213 Cal. App. 4th 263, 275

17 (2013) ("In our view, and action in which a party seeks to enforce or interpret a contract in

18 connection with either a claim alleged in the complaint or a defense alleged in an answer will

19 constitute and action to 'enforce or interpret' the contract.") *with Gil v. Mansano*, 121 Cal. App.

20 4th 739, 743-44 (2004) (finding that asserting a defense does not constitute bringing an action

21 to enforce contract); *Excess Electronixx v. Heger Realty Corp.*, 64 Cal. App. 4th 698, 712

22 (1998) ("Under any reasonable interpretation of the attorneys' fee provision, we cannot equate

23 raising a 'defense' with brining an 'action' or 'proceeding.").

24 Accordingly, the Court finds it appropriate to remand to the Bankruptcy Court so that it

25 may consider whether, in light of these cases, the terms of the promissory notes, business loan

26 agreement and the commercial security agreement would give BOTW a right to attorneys' fees

27 based on the affirmative defenses raised in the preference action.

28

5

**CONCLUSION**

For the foregoing reasons, the Court REMANDS for further proceedings. The Clerk shall remand this matter to the Bankruptcy Court forthwith.

**IT IS SO ORDERED.**

Dated: September 26, 2014 
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE